# In the United States District Court for the Western District of Texas

| | | |
|---|---|---|
| **BILLY HOWARD** | § | |
| | § | |
| **v.** | § | |
| | § | **SA-13-CV-750-XR** |
| **KALMAR RT CENTER LLC** | § | |

### ORDER

On this day came on to be considered Defendant's motion to dismiss (docket no. 5).

### Background

Plaintiff alleges that he was employed by Defendant from November 12, 2007 through January 4, 2013.  He alleges that he was promoted to vice-president of Aftermarket Programs in May 2011 and received a merit increase on May 16, 2012.  Shortly thereafter, Plaintiff alleges that Bryan Stephens, Defendant's former President and CEO, "began a campaign of harassment, intimidation, and humiliation that lasted from May 2012 until September 2012."  Plaintiff alleges that the harassment was "based upon his gender, male, because Mr. Stephens was engaged in relationship with a female subordinate who he later promoted to Plaintiff's position after Plaintiff was demoted and later terminated."  Plaintiff also alleges that "Mr. Stephen's criticisms … were designed to marginalize and discredit Plaintiff's duties, responsibilities and achievements to ultimately promote a female employee who was not as tenured, skilled, experienced, nor successful as Plaintiff."

Plaintiff alleges that on August 27, 2012, Mr. Stephens signed a letter advising Plaintiff that he either had to accept a demotion in job responsibilities or be discharged, and that on September 4, 2012, he accepted the demotion in lieu of discharge.  Plaintiff further alleges that

the female subordinate assumed his former job duties. Plaintiff further alleges that on January 4, 2013 he was discharged from employment, allegedly due to a reduction in force.

Plaintiff alleges that "Defendant intentionally discriminated against [him] because of his gender, male, when it demoted him in September 2012, and terminated him in an alleged reduction in force in January 2013." He further alleges that a lesser qualified female employee was promoted to assume his former job duties in September 2012 and retained in the alleged RIF in January 2013.

## Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id*. at 556. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

**Defendant's motion to dismiss**

Defendant argues that the only gender discrimination claim that Plaintiff has alleged "is the supervisor's favoritism of a third employee based on an alleged personal relationship between the supervisor and the third employee." Defendant argues that such a claim cannot establish a gender discrimination claim under Title VII. *See e.g. Wilson v. Delta State Univ.*, 143 Fed. App'x. 611 (5th Cir. 2005) ("The practice of which Wilson complained, that Roberts was unqualified and was hired because of an affair, is not a practice made unlawful by Title VII."). Defendant also argues that dismissal is proper as to any hostile work environment and retaliation claims.[1]

Plaintiff responds that although he referenced in his complaint that Mr. Stephens may have engaged in a relationship with a subordinate, female employee, "it may turn out that the President had no input regarding Plaintiff's demotion or termination." Accordingly, Plaintiff argues that he has properly pled a sex discrimination claim for purposes of *Twombly/Iqbal*, and Defendant's argument is an evidentiary issue that should be resolved at a later procedural stage.

**Analysis**

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Given that the Fifth Circuit has squarely addressed the paramour preference theory of gender discrimination and concluded that any preferences extended to a paramour do not constitute actionable sex discrimination under Title VII, this Court must look to Plaintiff's complaint and determine whether Plaintiff has pled any factual allegations that indicate Plaintiff

---

[1] Plaintiff clearly states that he does not raise any hostile work environment or retaliation claims in his complaint. Defendant's motion to dismiss these claims is dismissed as moot.

was discriminated against based upon his gender (rather than Stephen's romantic preference for the female subordinate).

With regard to the demotion claim, Plaintiff has pled that Mr. Stephens sent him the letter demoting him. Accordingly, his response to the motion to dismiss wherein he states "it may turn out that the President had no input regarding Plaintiff's demotion" is disingenuous. Although Plaintiff claims that he was demoted because of his sex, the allegation is made incorporating paragraphs11 through 23, which allege the nexus between the demotion of Plaintiff "based upon" the president's relationship with a female subordinate. Accordingly, dismissal of this claim is required. *See Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.*, 716 F.3d 10 (2d Cir. 2013) (affirming dismissal of a hostile environment claim, noting the Second Circuit has rejected "paramour preference" claims); *Fattoruso v. Hilton Grand Vacations Co., LLC*, 873 F.Supp.2d 569, 577 (S.D. N.Y. 2012) ("where, as here, there is no indication that plaintiff was discriminated against based upon his gender (rather than Crandall's romantic preference for MacGraw), a claim for gender discrimination must fail"). Plaintiff, however, is given leave to amend his Complaint.[2]

With regard to the discharge claim, however, Plaintiff has pled that he was discharged allegedly in a reduction in force. Although he alleges, as required to establish a disparate treatment claim, that a less qualified female employee was retained, Plaintiff does not clearly allege that he was discharged because of the president's preference for his alleged paramour. Plaintiff did allege that he was harassed "because Mr. Stephens was engaged in a relationship with a female subordinate…." Plaintiff also clearly alleged that the behavior was "designed" to "ultimately promote" the alleged paramour. Plaintiff, however, makes no similarly strong allegations with regard to his discharge claim. Accordingly, Plaintiff has pled factual content

---

[2] "The court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2).

that allows the court to draw the reasonable inference that he was discharged because of his sex (rather than Stephen's romantic preference for the female subordinate). Defendant's motion to dismiss the discharge claim is denied.

## Conclusion

Defendant's motion to dismiss (docket no. 5) is granted in part and denied in part. Plaintiff is granted leave to amend his Complaint.

SIGNED this 25th day of October, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE